UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Civil Action No. 5:21-cv-00119-LLK

**ANTHONY KNIGHT**  PLAINTIFF

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Plaintiff's counsel for attorney fees under 42 U.S.C. § 406(b) in the amount of $7,469.25, to which the Commissioner responded in opposition, and counsel replied. [Doc. 28, 32, 33]. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [Doc. 9].

For the reasons below, the Court will grant in part and deny in part the motion at Doc. 28 and will authorize and approve an attorney fee in the amount of $2,889.50.

**Background facts and procedural history**

On June 26, 2017, Plaintiff was electrocuted while working on a roof. [Doc. 16 at PageID.1532].

On August 18, 2017, Plaintiff applied for Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. *Id.*

On December 24, 2019, Plaintiff celebrated his fifty-fifth birthday. For purposes of Social Security disability, on one's fifty-fifth birthday, a person crosses the line from being "closely approaching advanced" age into being of "advanced" age.

On June 24, 2021, the Appeals Council issued the Commissioner's final decision, finding that Plaintiff became disabled on July 8, 2019, which the Appeals Council effectively agreed to treat as Plaintiff's fifty-fifth birthday, pursuant to a "non-mechanical" application of Rule 202.04 of Appendix 2 of the regulations. For the closed period between August 18, 2017 (when he filed his SSI application) and

1

July 7, 2019 (the day before he was found to be disabled), the Appeals Council found that, notwithstanding his severe, or vocationally, significant "nerve and muscle disorder, central nervous system vascular disorder, speech loss, ischemic heart disease, degenerative disc disease, and chronic obstructive pulmonary disease," Plaintiff retained the ability to perform a significant number of unskilled, light jobs in the national economy such as "bagger, laundry sorter, and hand packager."

On July 28, 2021, the Commissioner issued a Notice of Award of $18,809.00 in past-due benefits accrued from August 2019 (the month after July 8, 2019, Plaintiff's constructive fifty-fifth birthday) through July 2021 (the month of July 24, 2021, the date of the Commissioner's final decision). [Doc. 28-2].

On August 23, 2021, Plaintiff filed a complaint seeking judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision that he was not disabled during the closed period between August 18, 2017, and July 7, 2019. [Doc. 1].

On July 22, 2023, the Court entered a Memorandum Opinion and Order remanding the matter to the Commissioner for a new decision. [Doc. 20].

On October 5, 2022, the Court entered an Order awarding Plaintiff $2,660.00 in attorney fees under the Equal Access to Justice Act (EAJA). [Doc. 27].

On May 25, 2023, the Administrative Law Judge (ALJ) issued a remand decision, finding that Plaintiff was disabled during he closed period between August 18, 2017, and July 7, 2019. [Doc. 28-1].

On June 6, 2023, the Commissioner issued a Notice of Award of $11,558 in past-due benefits accrued from September 2017 (the month after August 18, 2017), through July 2019 (the month of July 7, 2019). [Doc. 28-3].

On June 20, 2023, Plaintiff's counsel filed the present motion seeking attorney fees under 42 U.S.C. § 406(b) in the amount of $7,469.25. [Doc. 28].

**Discussion**

42 U.S.C. § 406(a) pertains to attorney fees for successful representation before the Commissioner. In the present case, counsel's successful representation before the Commissioner resulted in a Notice of Award of $18,809 in past-due benefits accrued from August 2019 through July 2021. [Doc. 28-2].

42 U.S.C. § 406(b) pertains to attorney fees for successful representation before the Court. In the present case, counsel's successful representation before the Court resulted in a Notice of Award of $11,558 in past-due benefits accrued during the closed from September 2017, through July 2019. [Doc. 28-3].

According to Plaintiff's counsel, there are $29,877 in qualifying past-due benefits, and she seeks a fee of $7,469.25 ($7,469.25 x 4 = $29,877). [Doc. 28 at PageID.1606; Doc. 29 at PageID.1639; Doc. 33 at PageID.1651]. According to the Commissioner, there are only $11,558 in qualifying past-due benefits, and he does not object to a fee of $2,889.50 ($2,889.50 x 4 = $11,558). [Doc. 32 at PageID.1645-47].

This Opinion agrees with the Commissioner that there are $11,558 in qualifying past-due benefits.[1]

Before approving an award of fees under 42 U.S.C. § 406(b), the Court must determine whether it would result in a "windfall" to counsel. *Keith v. Comm'r*, No. 5:16-CV-00103-LLK, 2020 WL 1991414, at *1 (W.D. Ky. Apr. 27, 2020) (quoting *Lasley v. Comm'r*, 771 F.3d 308, 209 (6th Cir. 2014)). In this case, an award of $2,889.50 would not result in a windfall to counsel. This is because counsel put in 19 hours of court work [Doc. 22-4], resulting in a hypothetical hourly rate of $152.08 ($152.08 x 19 = $2,889.50). In

---

[1] The Court is unable to determine how Plaintiff's counsel arrived at a figure of $29,877 in qualifying past-due benefits. It is understandable that one might add the $18,809, which was the fruit of successful administrative work, and the $11,558 figures mentioned above, which was the fruit of successful judicial work. Though understandable, this would have been error because this Court is authorized to "award fees only for the work done before it." *Horenstein v. Sec'y of Health & Hum. Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (overruling the so-called "single tribunal rule" of *Webb v. Richardson*, 472 F.2d 529 (6th Cir.1972)). But, even so, the sum of $18,809 and $11,558 is $30,367 (not $29,877).

an unrelated case, this Court has already approved an hourly rate of $500 for the counsel that performed the court work in this case. *Keith*, 2020 WL 1991414, at *1 (W.D. Ky. Apr. 27, 2020).

### Order

Therefore, the motion of Plaintiff's counsel for attorney fees under 42 U.S.C. § 406(b) [Doc. 28] is hereby granted in part and denied in part. The Court authorizes and approves an attorney fee in the amount of $2,889.50.[2]

September 15, 2023

Lanny King, Magistrate Judge
United States District Court

---

[2] The Court declines at the present time to order the terms of payment. As indicated above, Plaintiff been awarded attorney fees under the Equal Access to Justice Act (EAJA) in the amount of $2,660.00. [Doc. 27]. The Commissioner alleges that the "field office incorrectly paid to Plaintiff's counsel" certain amounts. [Doc. 32 at PageID.1647]. The Court is unaware of what sums, if any, the Commissioner may now be holding for the purpose of payment of past-due benefits approved by the Court. If one or both parties desire further clarification/order, they are asked, prior to the filing of further adversarial motions, to consider the possibility of a joint agreed order not inconsistent with the findings and conclusions expressed herein.